PER CURIAM. Order affirmed. with $10 costs and disbursements. Order filed.

HOUGHTON, J., dissents as to taxes.

WOOD, Appellant, v. BOSTON & M. R. R., Respondent, et al. (Supreme Court, Appellate Division, Second Department. November 21, 1906.) Action by William H. Wood against the Boston & Maine Railroad and another. No opinion. Judgment unanimously affirmed, with costs.

In re WOYTISEK. In re LUPINEK. (Supreme Court, Appellate Division, First Department. December 28, 1906.) In the matter of Vincent W. Woytisek, an attorney, and petition of Lupinek. No opinion. Reference ordered. Settle order on notice.

In re WOYTISEK. In re PRAONA. (Supreme Court, Appellate Division, First Department. December 28, 1906.) In the matter of Vincent W. Woytisek and petition of Praona. No opinion. Petition and charges dismissed. Order filed.

WRIGHT et al., Respondents, v. BROOKS et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 7, 1906.) Action by Milton C. Wright and another against George Brooks and others. No opinion. Judgment and orders unanimously affirmed, with costs.

YORK, Respondent, v. LONG et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 28, 1906.) Action by William York against George B. Long and another. No opinion. Judgment and order affirmed, with costs.

YORKEY, Respondent, v. YONHGY, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 28, 1906.) Action by Lizzie A. Yorkey against George F. Yonhgy. No opinion. Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over upon payment of the costs of the demurrer and of this appeal.

YOUNG, Respondent, v. EQUITABLE LIFE ASSUR. SOCIETY OF THE UNITED STATES et al., Appellants. (Supreme Court, Appellate Division, Third Department. November 20, 1906.) Action by Mary S. Young, a stockholder and policy holder of the Equitable Life Assurance Society of the United States, who sues on behalf of herself and all others similarly situated against the Equitable Life Assurance Society of the United States and others. No opinion. Interlocutory judgment (99 N. Y. Supp. 446) affirmed, with costs, with leave to defendants to withdraw their demurrers, and answer upon payment of costs of demurrer and of the appeal to this court.

YOUNG, Respondent, v. EQUITABLE LIFE ASSUR. SOCIETY OF THE UNITED STATES et al., Appellants. (Supreme Court, Appellate Division, Third Department. November 20, 1906.) Action by Mary S. Young, a stockholder and policy holder of the Equitable Life Assurance Society of the United States, who sues on behalf of herself and all others similarly situated against the Equitable Life Assurance Society of the United States and others.

PER CURIAM. Motion for leave to go to Court of Appeals granted, and the following questions of law certified to the Court of Appeals as questions of law which ought to be reviewed by said court: (1) Does the complaint state facts sufficient to constitute a cause of action against the defendant Charles B. Alexander? (2) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry M. Alexander? (3) Does the complaint state facts sufficient to constitute a cause of action against the defendant William Alexander? (4) Does the complaint state facts sufficient to constitute a cause of action against the defendant James W. Alexander? (5) Does the complaint state facts sufficient to constitute a cause of action against the defendant August Belmont? (6) Does the complaint state facts sufficient to constitute a cause of action against the defendant Cornelius N. Bliss? (7) Does the complaint state facts sufficient to constitute a cause of action against the defendant C. Ledyard Blair? (8) Does the complaint state facts sufficient to constitute a cause of action against the defendant Alexander J. Cassatt? (9) Does the complaint state facts sufficient to constitute a cause of action against the defendant Thomas De Witt Cuyler? (10) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry C. Deming? (11) Does the complaint state facts sufficient to constitute a cause of action against the defendant Chauncey M. Depew? (12) Does the complaint state facts sufficient to constitute a cause of action against the defendant Louis Fitzgerald? (13) Does the complaint state facts sufficient to constitute a cause of action against the defendant Marcellus M. Dodge? (14) Does the complaint state facts sufficient to constitute a cause of action against the defendant James B. Forgan? (15) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry C. Frick? (16) Does the complaint state facts sufficient to constitute a cause of action against the defendant George J. Gould? (17) Does the complaint state facts sufficient to constitute a cause of action against the defendant Henry C. Haarstick? (18) Does the complaint state facts sufficient to constitute a cause of action against the defendant Edward H. Harriman? (19) Does the complaint state facts sufficient to constitute a cause of action against the defendant James J. Hill? (20) Does the complaint state facts sufficient to constitute a cause of action against the defendant Bradish Johnson? (21) Does the complaint state facts sufficient to constitute a cause of action against the defendant Thomas A. Jordan? (22) Does the complaint state facts sufficient to constitute a cause of action against the defendant Alvin W. Krech? (23) Does the complaint state facts sufficient to constitute a cause of action against the defendant Joseph T. Low? (24) Does the